**Kyong M. McLEAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–08–00466–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 28, 2010.

Ralphaell V. Wilkins, The Wilkins Law Firm, P.C., Houston, TX, for Appellant.

David C. Newell, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant, Kyong M. McLean, of prostitution.[1] After the jury found appellant guilty, the State and appellant agreed to a sentence of ten days in jail and a fine of two thousand dollars. In four issues, appellant argues that the comments concerning prostitution made by the trial court during voir dire: (1) tainted the presumption of innocence to which she was entitled; (2) abrogated the trial court's obligation to act as an impartial arbiter; (3) impermissibly conveyed the trial court's opinion of the case to the jury and were reasonably calculated to prejudice appellant's rights, requiring reversal; and (4) constituted plain or fundamental error by denying appellant her substantive rights to a presumption of innocence and a fair and impartial tribunal.

We affirm.

## BACKGROUND

Appellant worked at the Oriental Bathhouse. The Houston Police Department sent Officer D. Nieto into appellant's workplace to investigate it on suspicion of prostitution. Officer Nieto posed as an ordinary citizen and entered the business alone but wearing a recording device. To enter the property, Officer Nieto had to pay sixty dollars and cross through floor to ceiling metal security gates. McLean let Officer Nieto into the establishment, took his money, led him to a private room, directed him to a shower, bathed him, and returned him to the private room. Officer Nieto put his clothes back on and turned on the recording device; appellant reentered the private room. Appellant and Officer Nieto negotiated the price for oral and vaginal sex. Officer Nieto recorded this conversation with appellant and then phoned the arrest team. While Officer Nieto waited for the arrest team, appellant undressed and produced a condom. Once appellant suspected that the police had entered the property, she re-dressed and hid the condom she had presented to Officer Nieto. Officer Nieto arrested McLean. When the arrest team searched the property, they found $3,700 in appellant's purse and unwrapped, unused condoms in a yogurt container. Appellant was indicted on one count of prostitution.

During voir dire at appellant's trial, the trial court described the presumption of innocence and other rights that defendants have during a criminal trial. The trial court then stated:

> Solicitation of prostitution, folks, like it or not, in this state, its illegal under State law. We have some folks that believe that it should be legal and that's your right to believe that, but it's not

---

1. *See* TEX. PENAL CODE ANN. § 43.02 (Vernon 2009).

legal in Texas to have a prostitution service. Bottom line. Simple question: If you cannot in good faith enforce that State law making prostitution illegal, I understand that. I just need to know right now that you can't do that job on this kind of case. So if you just can't do this job on this kind of case, let me know now by a show of hands. Anybody? All right. A lot of folks think that prostitution is a victimless crime. Let me give you a hint. . . . We have had about 7,000 alleged prostitutions in my court in 22 years [sic]. I will tell you from this viewpoint up here, prostitution is not a victimless offense. It affects families. It affects the people involved in the prostitution itself. It has the potential of possibly deadly STD's[2] in your life. It is not a victimless crime. In Texas, prostitution is against the law period. Can we agree by a positive nod that you can enforce the law? Anybody that cannot do that? All right. Good to see.

After these comments, the trial court described the role of jurors, stated that jurors must apply the law regardless of their personal feelings on the general crime of prostitution, and continued his voir dire. At the completion of the trial court's voir dire, appellant objected to the judge's comments as inappropriate because they "destroy[ed] the fundamental fairness of the jury process" and moved for a mistrial. The trial court overruled appellant's objection and did not grant a mistrial. Appellant's jury charge contained an accurate statement of the presumption of innocence and the requirement to find a defendant guilty beyond a reasonable doubt.

McLean also filed a motion in limine asking for 15 different restrictions on what could be said before or presented to the jury. The trial court granted 11 of the

requests but denied motions to: (1) prohibit all discussion of citizen complaints against the Oriental Bathhouse; (2) keep all audio and video tapes out, because the trial court found this to be moot; (3) keep all photographs and videotapes from being shown to the jury; and (4) prevent the Oriental Bathhouse from being referred to as a whorehouse or a house of prostitution.

## DISCUSSION

In four issues, appellant argues that the trial court's comments during voir dire violated appellant's due process rights to a presumption of innocence and to an impartial arbiter by impermissibly conveying his opinion of the case to the venire panel in a manner reasonably calculated to prejudice appellant's rights to a presumptions of innocence and a fair and impartial tribunal, thereby constituting fundamental error, requiring reversal.

Specifically, appellant argues that the trial court's comments that he had heard "about 7,000 alleged prostitutions" in his court "in 22 years" and that "prostitution is not a victimless offense" because it has "the potential of possibly deadly STD's in your life" tainted appellant's presumption of innocence by associating her with the other prostitution cases tried before the court. Appellant contends that these comments conveyed the trial court's opinion that appellant's case was no different from the seven thousand prostitution cases that preceded hers and that the judge's use of the phrase "from this viewpoint up here" improperly indicated his opinion of the case to the jury. Appellant contends that these comments constituted reversible, fundamental error.

### 1. Preservation of Error

2. Sexually transmitted diseases.

■ Rule 33.1 of the Texas Rules of Appellate Procedure requires that, in general, for a complaining party to preserve an alleged error for appellate review, the record must show that the party raised the issue with the trial court in a timely and specific request, objection, or motion. TEX. R.APP. P. 33.1(a); *Griggs v. State,* 213 S.W.3d 923, 927 (Tex.Crim.App.2007). It is well established that nearly every right may be waived when a party fails to object. *See Saldano v. State,* 70 S.W.3d 873, 887 (Tex.Crim.App.2002). "To preserve error regarding improper voir dire questions, a party must make a timely, specific objection at the earliest possible opportunity." *Ross v. State,* 154 S.W.3d 804, 807 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). An objection is timely when it is made at the earliest possible opportunity. *Gillenwaters v. State,* 205 S.W.3d 534, 537 (Tex.Crim.App.2006). However, Texas Rule of Evidence 103(d) provides that, "In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court." TEX.R. EVID. 103(d). Therefore, as a threshold matter, we address whether appellant preserved error through an objection in the trial court and, if not, whether the error was fundamental error affecting a substantial right and thus required no objection.

Here the trial court made the comments to which appellant objected approximately half-way through the his voir dire, but appellant's trial counsel did not object to these comments until the completion of the judge's voir dire. Between these comments and appellant's objection to them, the trial court discussed the pending voir dire by the State and the defense, the offense of prostitution, the defense of entrapment, the personal sensitivities of the jurors, the defenses to prostitution, and the permissibility of convicting a defendant based on a single witness, and he inquired whether the jurors knew anyone involved in the case and whether they would be predisposed to believe or disbelieve testimony by a police officer. Only after the trial court had discussed all of these issues did the defense object.

We conclude that, under these circumstances, appellant's objection was not timely. *See* TEX.R.APP. P. 33.1(a); *Ross,* 154 S.W.3d at 807 ("To preserve error regarding improper voir dire questions, a party must make a timely, specific objection at the earliest possible opportunity.") Therefore, error was not preserved unless the error was fundamental so that no objection to the trial court's comments was necessary. *See* TEX.R. EVID. 103(d).

### 2. Fundamental Error

■ The applicable test for deciding whether a Texas court may address unassigned error is set forth in *Marin v. State,* 851 S.W.2d 275, 279–80 (Tex.Crim.App. 1993), *overruled on other grounds, Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). *See Brumit v. State,* 206 S.W.3d 639, 644 (Tex.Crim.App.2006); *Sanchez v. State,* 120 S.W.3d 359, 365–66 (Tex.Crim. App.2003). *Marin* identified three types of rules: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Brumit,* 206 S.W.3d at 644; *Marin,* 851 S.W.2d at 279–80. Of these three categories, only "violations of 'rights which are waivable only' and denials of 'absolute systemic requirements'" enable the appellate court to hear a complaint without a proper trial objection. *Aldrich v. State,* 104 S.W.3d 890, 895 (Tex.Crim.App. 2003); *Saldano,* 70 S.W.3d at 888; *see also Williams v. State,* 273 S.W.3d 200, 220 (Tex.Crim.App.2008) (stating that failing to

object at trial generally waives complaint for appeal) (citing *Marin*, 851 S.W.2d at 279). Rights that must be implemented unless expressly waived include the "rights to the assistance of counsel, the right to a trial by jury, and a right of appointed counsel to have ten days of trial preparation...." *Aldrich*, 104 S.W.3d at 895. "Absolute systemic requirements [that may not be waived] include jurisdiction of the person [and] the subject matter, and a penal statute's being in compliance with the Separations of Powers Section of the state constitution." *Id.* Violation of these non-waivable absolute systemic rights constitutes fundamental error. *See Saldano*, 70 S.W.3d at 887–88; *Marin*, 851 S.W.2d at 278 (stating, "Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system. Tex.R.Crim. Evid. 103(d). A principle characteristic of these rights is that they cannot be forfeited.").

It is an unresolved issue whether and when a trial court's comments constitute fundamental constitutional due process error that may be reviewed in the absence of a proper objection. In *Blue v. State,* a plurality of the Texas Court of Criminal Appeals held that a judge's comments to the venire indicating that the judge would have preferred for the defendant to plead guilty were fundamental constitutional error that tainted the presumption of innocence and, therefore, required no objection to be preserved for appeal. 41 S.W.3d 129, 132 (Tex.Crim.App.2000). Subsequently, in *Jasper v. State,* the Court of Criminal Appeals held that, even if it were bound to follow the plurality opinion in *Blue,* the judge's comments correcting defense counsel's misrepresentation of previously admitted testimony, showing irritation at the defense attorney, and clearing up a point of confusion failed to rise to "such a level as to bear on the presump-tion of innocence or vitiate the impartiality of the jury" and therefore, were not fundamental error. 61 S.W.3d 413, 421 (Tex. Crim.App.2001); *see also Murchison v. State,* 93 S.W.3d 239, 262 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (stating that trial court may interject to correct misstatement or misrepresentation of previously admitted testimony).

Similarly, in *Brumit,* while recognizing that a plurality of the court had held in *Blue* that the judge's comments constituted fundamental error requiring no objection, the Court of Criminal Appeals concluded that it did not need to reach that issue because the judge's comment that an earlier case made him think that anybody who ever harmed a child should be put to death did not reflect bias, partiality, or the failure of the trial court to consider the full range of punishment, and thus did not violate due process, when the comments were made after the judge had heard extensive evidence of the defendant's repeated sexual abuse of two children, the defendant had six prior convictions for child sexual assault, and explicit evidence showed that the judge had considered the full range of punishment in sentencing the defendant to life in prison. 206 S.W.3d at 644–45 (distinguishing *Blue,* 41 S.W.3d at 132). The court held, "Due process requires a neutral and detached hearing body." *Id.* at 645. However, "[a]bsent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Id.; see also Gordon v. State,* 191 S.W.3d 721, 726–27 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (holding that when judge had not commented on defendant's guilt or innocence, his comments during voir dire that criminal justice system treated everyone exactly alike and that defendant controlled everything about system were comments on how criminal justice system operates and did not consti-

tute fundamental error); *Davis v. State,* 651 S.W.2d 787, 790 (Tex.Crim.App.1983) (holding that judge's comment to veniremen that if jury did not follow law under court's instructions case would have to be tried again, although not proper instruction, did not imply that defendant would be convicted, was not reasonably calculated to benefit or prejudice defendant, and thus was not reversible error).

■ We conclude here, as the Court of Criminal Appeals did in *Brumit* and *Jasper,* that it is unnecessary for us to decide whether a trial court's comments that taint the presumption of innocence or destroy fundamental fairness constitute fundamental constitutional error that may be reviewed without a proper objection because the trial judge's comments in this case did not rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *See Jasper,* 61 S.W.3d at 421.

The trial court made his comments that he had had "about 7,000 alleged prostitutions" in his court in 22 years, that, from his viewpoint, "prostitution is not a victimless offense," and that prostitution "has the potential for possibly deadly STD's in your life" while qualifying jurors during voir dire. The judge's comments occurred in the context of his explaining that many people do not believe that prostitution should be a criminal offense, but that, regardless of their personal feelings, jurors have to follow the law. In his voir dire of the venire panel, the judge emphasized the importance of the presumption of the defendant's innocence "until and unless proven guilty by the prosecution," and he explained to the venire panel the requirement to find appellant guilty beyond a reasonable doubt and the meaning associated with that term. After making the comments, the trial court granted all but 4 of appellant's 15 requests in her motion in limine. Appellant's jury charge contained an appropriate statement on the presumption of innocence, the requirement to find a person guilty beyond a reasonable doubt, an instruction that the criminal information is not evidence of guilt, and instructions not to discuss the case with people outside the jury panel.

This case is thus similar to *Jasper,* in which the Court of Criminal Appeals refused to conclude that the judge's interjections to correct the misrepresentation of previously admitted testimony, expression of irritation at the defense attorney, and comments aimed at clearing up a point of confusion rose "to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." 61 S.W.3d at 421. It is also similar to *Brumit,* in which the Court of Criminal Appeals held that the judge's comments that an earlier case made him think that anybody who ever harmed a child should be put to death did not reflect bias, partiality, or the failure of the trial court to consider the full range of punishment under the circumstances of the case. 206 S.W.3d at 644–45. By contrast, it is wholly unlike *Blue,* in which a plurality of the Court of Criminal Appeals held that the judge's comment to the jury that he would have preferred that the defendant plead guilty, made after the trial judge indicated that the defendant was considering entering into plea agreement, "vitiated the presumption of innocence" before the venire, adversely affecting the defendant's right to a fair trial, and thus constituted fundamental constitutional error, requiring a new trial. 41 S.W.3d at 132.

The trial court's comments here are also unlike appellate court cases finding violations of article 38.05 of the Texas Code of Criminal Procedure, which prohibits a judge from making "any remark calculated to convey to the jury his opinion of the

case." TEX.CODE CRIM. PROC. ANN. art. 38.05 (Vernon 2009); *see Clark v. State,* 878 S.W.2d 224, 225–27 (Tex.App.-Dallas 1994, no pet.) (holding that judge's statement during voir dire that allegations of enhancement "mean, that [the defendant] has been previously convicted on two occasions of felony offenses" was reasonably calculated to benefit State by "alert[ing] the venire to the court's opinion on a fact issue raised by the evidence that the allegations contained in the enhancement paragraphs actually meant that appellant had been convicted of those felonies," thereby lessening State's burden of proof regarding enhancement paragraphs, prejudicing defendant's presumption of innocence, and violating article 38.05); *Devis v. State,* 18 S.W.3d 777, 782 (Tex.App.-San Antonio 2000, no pet.) (holding that judge's comment concerning giving appellant probation for murder violated article 38.05); *Jones v. State,* 788 S.W.2d, 834, 836 (Tex. App.-Dallas 1990, no pet.) (holding that judge's comments to jury in explaining decision to suspend jury deliberations for evening because, even if deliberations were to continue, jury members would have to return on following day for second punishment phase were reversible error under article 38.05 because they impermissibly conveyed judge's opinion to jury that he believed guilty verdict would or should be forthcoming).

We overrule appellant's first, second, third, and fourth issues.

## CONCLUSION

We affirm the judgment of the trial court.