

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00342-CR

JASON FROSETH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-405,888, Honorable William R. Eichman II, Presiding

July 29, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Jason Froseth appeals from his conviction by jury of the offense of continuous sexual assault of a child and the resulting sentence of life imprisonment without parole.[1] Through one issue, he contends multiple improper statements made by the prosecutor during trial constituted fundamental error requiring reversal of his conviction. We disagree and will affirm.

---

[1] TEX. PENAL CODE ANN. § 21.02 (West 2015).

## Background

Appellant does not challenge the sufficiency of the evidence to support his conviction. We will relate only those facts necessary to disposition of his appellate issue. TEX. R. APP. P. 47.1.

At appellant's trial on the indicted charge of continuous sexual abuse of a child under the age of 14 years, the State's witnesses included the victim, then twelve years old. It presented also appellant's video-recorded statement, in which he confessed to instances of sexual abuse of the victim. Appellant did not testify, but presented a defense through cross-examination of the State's witnesses, by which he attacked the credibility of the victim's testimony and the voluntariness of his statement to police. The court's charge in the guilt-innocence phase of trial contained an instruction pursuant to Section 6 of Article 38.22 of the Code of Criminal Procedure,[2] and appellant argued to the jury that his statement should be disregarded.

Appellant contends on appeal that the cumulative effect of improper statements made by the prosecutor during jury argument deprived him of a fair trial by injecting the prosecutor's inadmissible and improper personal opinions, and by inappropriately influencing the jury to assess a punishment based on the prosecutor's opinion that appellant was guilty of the "worst possible" crime.

---

[2] TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2015).

Analysis

Appellant did not object to any of the statements during trial. He argues, however, that the cumulative harmful error is so egregious as to rise to fundamental error reviewable on appeal despite lack of preservation in the trial court. The State disagrees, contending appellant forfeited his right to appellate review because he did not timely and properly object to any of the statements during trial.

In support of his appellate issue, appellant points us to the 2015 opinion of the First Court of Appeals in *Escobar v. State,* No. 01-13-00496-CR, 2015 Tex. App. LEXIS 3624, at *4-6 (Tex. App.—Houston [1st Dist.] April 14, 2015, pet. ref'd) (mem. op., not designated for publication). He contends the opinion provides support for the position that improper prosecutorial statements to a jury could amount to fundamental error, arguable on appeal without preservation of error. *Escobar* considered statements made during voir dire, by which the prosecutor "effectively told the venire that he personally believed [the defendant] to be guilty." *Id.* at *2. No objection to the statements was raised at trial. After agreeing that the statement was improper, the appellate court determined whether the prosecutor's error was so egregious that it prevented a fair and impartial trial. *Id.* at *3 (*citing* TEX. R. EVID. 103(d) and *McLean v. State*, 312 S.W.3d 912, 915 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). The court agreed with the State that the prosecutor's comments in voir dire did not violate the defendant's presumption of innocence when any harm was cured by the prosecutor's thorough explanation of the presumption of innocence and burden of proof to the venire. *Id.* at *9-10. Accordingly, the court held, the prosecutor's statements did not constitute

3

fundamental error and Escobar forfeited appellate review of them by failing to timely object. *Id.* at *10.

In the course of its analysis of the potential for fundamental error from a prosecutor's voir dire statements, the court in *Escobar* stated, "Notably, once voir dire is over and the jury is impanelled, [t]he Court of Criminal Appeals has held that 'a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal.'" *Id.* at *4 (*quoting Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *citing also Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004)). We find *Cockrell's* holding governs appellant's complaints regarding unobjected-to statements made during arguments by the prosecutor. *See Grado v. State*, 445 S.W.3d 736, 741 n.29 (Tex. Crim. App. 2014) (listing improper jury argument among forfeitable issues, citing *Cockrell*); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (discussing differences between systemic requirements, waivable rights and forfeitable rights). Nothing the First Court of Appeals said in *Escobar* suggests a different conclusion. Appellant's sole issue presents nothing for our review.

Moreover, even were we to review appellant's contentions, we could not agree the prosecutor's statements demonstrate fundamental error, individually or collectively. *See Beltran v. State*, 99 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (trial court comment during voir dire not fundamental error; fundamental error "must be so egregious it prevents a fair and impartial trial"); *Rodriguez v. State,* No. 07-97-0453-CR, 1999 Tex. App. LEXIS 3870, at *4-8 (Tex. App.—Amarillo 1999, no pet.) (mem. op., not designated for publication) (same). In fact, having reviewed the entire

4

record, we find the trial court, had objection been raised, would have acted within its discretion to overrule objections to each of the challenged statements. *See Brewer v. State*, No. 03-10-00076-CR, 2014 Tex. App. LEXIS 1992, at *7 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op., not designated for publication) (rulings on objections to jury arguments fall within trial court's discretion).

Appellant complains specifically of four groups of statements. He characterizes those as: (1) statements that tended to vouch for the credibility of the investigators, or law enforcement in general; (2) statements that tended to vouch for the credibility of the victim or the forensic investigator in the case; (3) the prosecutor's personal opinion about the facts of the case and the seriousness of the alleged crime, relative to other criminal activity in Texas; and (4) the prosecutor's desire for the jury to render a specific sentence.

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence. *Harris v. State,* 122 S.W.3d 871, 883 (Tex. App.—Fort Worth 2003, pet. ref'd). Proper jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State,* 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *see also Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (same); *Coble v. State*, 871 S.W.2d 192, 204 (Tex. Crim. App. 1993) (same). When jury argument falls outside the approved areas, "it will not constitute reversible error unless [it] is extreme or manifestly improper . . . or injects new facts harmful to the accused into the trial proceeding." *Temple v. State,* 342 S.W.3d

572, 602-03 (Tex. App.—Houston [14th Dist.] 2010), *aff'd,* 390 S.W.3d 341 (Tex. Crim. App. 2013); *see* Tᴇx. R. Aᴘᴘ. P. 44.2(b).

Appellant argues the statements: (1) "There's no crime more against the peace and dignity of the State of Texas than sexual abuse of a child"; (2) "I submit to you that there is nothing in our criminal justice system more deserving of a life sentence than what the Defendant has just been convicted of. And you're allowed to consider that when you go back in there"; and (3) "We're asking you to submit a life sentence for this crime committed against this child by that man" were all improper. We agree with the State that the trial court could have seen the statements, made during closing arguments in the punishment stage, as pleas for law enforcement, a permissible area of jury argument. *See Alexander v. State,* 919 S.W.2d 756, 764 (Tex. App.—Texarkana 1996, no pet.) (punishment recommendation from a prosecutor is a valid plea for law enforcement). *See also Frels v. State,* No. 12-13-00241-CR, 2015 Tex. App. LEXIS 4009, at *15 (Tex. App.—Tyler April 22, 2015, pet. ref'd) (mem. op., not designated for publication) (*citing Cortez v. State,* 683 S.W.2d 419, 421 (Tex. Crim. App. 1984)) (plea for law enforcement can take many forms, including arguments asking that the jury deter specific crimes by its verdict).

Appellant also challenges the statement, "We're going to have to talk about some uncomfortable things. Okay? Things that you probably could have gone your entire life without hearing, things that I could have gone my entire life without having to say to you . . . ." The trial court could have determined the prosecutor's statement, made during closing argument at the guilt-innocence phase, was merely part of a summation

6

of the evidence. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (explaining summation of evidence is proper jury argument).

Third, appellant challenges other statements the prosecutor made during closing at the guilt-innocence phase. These include: (1) "They don't want to get people to confess who didn't do crimes"; (2) "They want to let innocent people go that don't need to be messed with by the police, and they want to get the ones that they should. That's the way it works"; (3) "And if you don't think that those guys call and say this case isn't here, can I kill this in my office, or will you reject it, things like that?"; (4) "They don't use their techniques to get men to describe things that didn't happen. They just don't"; and (5) "I don't think she saw a counselor who planted that had [sic] idea with her. I don't think you saw people who necessarily praised her and called her a brave little girl every time she did anything. I think the SANE nurse did her job. I think the forensic interviewer asked the non-suggestive questions, and it all comes together in a case form. This is because she's telling the truth. How this conversation is going to go, I don't know. It's done legally, and these guys did their job to get to where they need to be for this truth to come out."

Appellant characterizes the statements as intended to vouch for the credibility of witnesses called by the State. But the record reflects appellant's arguments suggesting that investigating detectives used trickery and deception to obtain a false confession from appellant. Appellant also argued to the jury reasons he contended the victim's statement to the forensic interviewer lacked credibility. Arguments in answer to those of opposing counsel are permitted, and the trial court could have seen the prosecutor's statements defending the State's witnesses as falling within that category. *See Canales*

7

*v. State,* 98 S.W.3d 690, 695 (Tex. Crim. App. 2003) (responding to opposing counsel's argument is a permissible area of jury argument).

Appellant makes reference to another statement, in which the prosecutor referred to appellant's recorded statement and said that the interviewing officers "know that judges are seeing this." Appellant includes this statement among those he characterizes as vouching for the credibility of the officers, contending in his brief that the statement carried the "not-so-subtle implication . . . that the officer would do everything above board knowing that a judge would be reviewing the results." The record reflects, however, that the prosecutor did not refer only to judges. He continued, "They know juries see this. They know that this is public in terms of the criminal court system." Considering appellant's arguments criticizing the investigating officers' interview techniques, we find this statement also can be seen as a permissible response to opposing argument.[3]

---

[3] In defense counsel's argument, he said to the jury: "I will tell you I wasn't totally pleased by the way the case was handled by detectives, and I think I probably made my point in my cross examination of Judge (sic) Hancock." Defense counsel misspoke. The detective to whom he referred was Jason Hancock of the Lubbock police department, whose father is the Honorable Mackey Hancock, a member of this court and a former Lubbock County district judge. In his argument, the prosecutor said, "[y]ou know, [counsel] called [Detective Hancock] Judge Hancock because his dad is a judge. They know that judges are seeing this." In his brief on appeal, appellant mentions that the prosecutor's statement informed the jury that an investigating officer's father is a judge. We do not understand appellant's brief to suggest that Justice Hancock personally would have any involvement with the case, or to suggest the passing mention of "Judge Hancock" before the jury caused him any prejudice. The record contains no further mention of "Judge Hancock."

Conclusion

Appellant's complaint presents nothing for appellate review and in any event would not require reversal.  We overrule his sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.