**Affirmed; Opinion Filed December 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01419-CR

### CLARENCE WYATT HOLLAND, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 422nd Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 17-10195-422-F**

## MEMORANDUM OPINION

Before Justice Whitehill, Schenck, and Richter[1]
Opinion by Justice Schenck

A jury convicted appellant Clarence Wyatt Holland of continuous sexual abuse of a child younger than fourteen and assessed punishment at fifty years' confinement. In three issues, appellant asserts (1) the evidence is legally insufficient to support the conviction, (2) he was denied a fair trial due to prosecutorial misconduct, and (3) the statute establishing the punishment range for the offense of continuous sexual abuse of a child is facially unconstitutional and violative of the Due Process Clause of the Fourteenth Amendment. We affirm the trial court's judgment. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] The Hon. Martin Richter, Justice, Assigned

The State charged appellant by indictment with continuous sexual abuse of a child. Initially, the indictment referenced a duration of abuse from June 13, 2006, through June 12, 2011. At the State's request, the trial court amended the indictment to assert a duration of abuse beginning September 1, 2007, the date the continuous sexual abuse of a child statute became effective. Appellant entered a plea of not guilty and proceeded to a jury trial.

The evidence presented to the jury established the following. The complainant, Carrie,[2] was born on June 13, 2000. She was eighteen years old at the time of trial, and appellant was fifty-seven. From around the time she was in the first grade through the fifth grade, Carrie lived with her parents and siblings in Forney, Texas.[3] Alex Holland, a friend of one of Carrie's brothers, lived in the same subdivision as Carrie and her family with his father, his uncle Wyatt (appellant), and his grandmother. Appellant was friends with Carrie's father, and he often helped out around their house and took Carrie and her siblings to the movies and to a pizzeria.

Carrie's parents hired Alex's grandmother to babysit their children after school at the Hollands' house. Carrie's brothers usually played video games upstairs, Carrie's younger sister frequently spent time with Alex's grandmother, and Carrie spent most of her time in appellant's bedroom, located on the first floor of the home. Appellant had a computer, large television, guitars, and toys that he bought for Carrie in his room. Appellant favored Carrie and made her feel special.

Beginning when Carrie was in the first grade and ending when she was in the fifth grade, appellant did things to her that he should not have been doing.[4] Appellant would lock his bedroom door, take Carrie into a large walk-in closet, and engage in illegal contact with her. Carrie

---

[2] Carrie is a pseudonym that was used during the trial to refer to the complainant.

[3] Thereafter, her parent divorced, and she chose to live with her father in Denton, Texas. Her father remarried.

[4] Carrie's father indicated Carrie would have been six years old in the first grade and eleven at the end of fifth grade.

estimated that appellant "did something that he shouldn't have done" about a hundred times during that four to five year period.

Carrie recalled that appellant occasionally took her and the other children to a neighborhood pool to swim. Appellant, on at least five occasion, illegally touched her while they were in the pool.

When Carrie was in the sixth or seventh grade, she told her sister what appellant had done but begged her not to tell anyone. They were already keeping secret a prior illegal contact by another babysitter's son.

After Carrie moved to Denton with her father, the abuse stopped entirely and she and appellant became friends on Facebook. On occasion, she went to the Hollands' home with one of her brothers.

At the age of sixteen, Carrie told her stepmother about the sexual abuse. Her stepmother told Carrie's father and he told Carrie's mother. Child Protective Services and law enforcement were then contacted.

A forensic interviewer at the Children's Assessment Center and a sexual assault nurse examiner interviewed Carrie. Carrie revealed the details of the abuse to them. Carrie indicated that the abuse happened almost every time she was at appellant's house. The forensic interviewer indicated that when a child is abused frequently "there's a term called blended memory in which a child blends all of those different experiences together, and they're unable most times to differentiate between separate incidents and to pick apart different times." She believed Carrie was likely to have blended memory regarding her abuse.

Appellant claimed he never took Carrie into the closet or touched her inappropriately. Appellant's family members indicated that they did not personally observe any inappropriate

conduct between appellant and Carrie. Other children appellant had babysat testified appellant never touched them inappropriately.

The jury found appellant guilty of the charged offense and sentenced him to fifty years' confinement. This appeal followed.

**DISCUSSION**

### I.       Sufficiency of the Evidence

In his first issue, appellant contends the evidence is insufficient to establish he sexually assaulted Carrie at least twice over a duration of 30 or more days after September 1, 2007, the date on which the continuous sexual abuse of a child statute became effective.

A person commits the offense of continuous sexual abuse of a child if, during a period that is thirty or more days in duration, he commits two or more acts of sexual abuse and, at the time of the commission of each act, he is seventeen years of age or older and the victim is a child younger than fourteen. TEX. PENAL CODE ANN. § 21.02(b). Although the exact dates of the abuse need not be proven, the offense does require proof that two or more acts of sexual abuse occurred during a period of thirty days or more. *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.); *see* PENAL § 21.02(d) (jury not required to unanimously agree on which specific acts of sexual abuse were committed by defendant or exact dates when those acts occurred, but jury must agree unanimously that defendant, during period of thirty or more days, committed two or more acts of sexual abuse).

In determining the sufficiency of the evidence, the reviewing court considers the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The jury is the sole judge of the credibility and weight to attach to witness testimony. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The testimony of a

–4–

child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). Corroboration of the child victim's testimony by medical or physical evidence is unnecessary. *Turner v. State*, 573 S.W.3d 455, 459 (Tex. App.—Amarillo 2019, no pet.).

There is sufficient evidence in the record to support the jury's determination that appellant committed the charged offense beyond a reasonable doubt. The evidence showed Carrie was born on June 13, 2000. Therefore, on September 1, 2007, Carrie was seven years old. Carrie testified the abuse began when she was in the first grade and ended when she moved to Denton at the end of the fifth grade. Carrie's father testified Carrie was six years old in the first grade and eleven when she finished the fifth grade. Appellant was fifty-seven, about to turn fifty-eight, at the time of trial. Accordingly, the evidence sufficiently established that at the time of the alleged abuse, Carrie was younger than fourteen and appellant was older than seventeen.

In addition, there is sufficient evidence that at least two acts of sexual abuse occurred between September 1, 2007, and 2011. Carrie testified that appellant abused her around a hundred times over a four-year period. As noted, Carrie testified that the abuse began when she was in the first grade. Carrie also testified that in the third or fourth grade, which would have been in 2008 or 2009, she wrote a letter to her mother about appellant's abuse, appellant destroyed the letter, and the abuse continued thereafter. In addition, the evidence established that Carrie and her siblings went to appellant's house after school and that the abuse happened almost every time she was in appellant's home.

This evidence is sufficient to show that more than one act of sexual abuse occurred during a period of thirty days or more after the effective date of the continuous sexual abuse of a child statute. Deferring to the jury's determination of the credibility of the witnesses and the weight to

be given their testimony, based on the cumulative force of all the evidence when viewed in the light most favorable to the verdict, and considering the reasonable inferences to be drawn from that evidence, we conclude a rational trier of fact could have found more than one act of sexual abuse occurred over a duration of 30 or more days after September 1, 2007, and that these acts occurred while Carrie was younger than fourteen and appellant was older than seventeen beyond a reasonable doubt. We overrule appellant's first issue.

## II.  Prosecutorial Misconduct

In his second issue, appellant argues he was denied a fair trial because the prosecutor improperly vouched for the State's case during voir dire.  During voir dire, the prosecutor stated the following without objection.

> My role, our role is not to just get convictions.  I was telling you that all of us took an oath to seek justice.  What does that mean?  That means when a case comes in, we don't have to accept it.  That means that if it does not meet a certain burden of proof, if there's no probable cause in the case or if we don't think we can get there beyond a reasonable doubt at some point, then guess what?  We can send it back to the agency, right?  Okay.  Now we also have a box full of motions to dismiss.  At any stage after the case is filed, even after a grand jury has issued an indictment, we can, with the stroke of our signature, sign a motion to dismiss and dismiss a case, okay.  Now, judge talked about it's the State's burden.  It is our burden to prove each and every element of this charge beyond a reasonable doubt.  Now, if we don't do it, and you find the defendant not guilty, whose fault is that?
>
> Venireperson: Yours.
>
> It's our fault.  It's not your fault.  And so I'm smiling right now, and if after you find the defendant not guilty, guess what, we're still going to be polite.  We're still going to smile.  Why?  Because it's not your fault, it's our fault.  So we want you to understand that, that we are not just here to get a conviction.  We're here to seek justice, okay.  So do we believe in the case?  Obviously we believe in the case.  We wouldn't be here, okay.  Do we intend to prove each and every element beyond a reasonable doubt?  Obviously or we wouldn't waste your time, and we would not waste our time okay.  So those are the roles.

We conclude the prosecutor's statement was improper because he effectively told the venire that he personally believed appellant to be guilty. *See, e.g., Clayton v. State*, 502 S.W.2d 755, 756 (Tex. Crim. App. 1973) ("The prosecutor's argument that he would not prosecute a man

he did not know in his heart to be guilty is improper."); *Escobar v. State*, No. 01-13-00496-CR, 2015 WL 1735244, at *1 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, pet. ref'd) (mem. op., not designated for publication) (concluding prosecutor's indication that he tries defendants if and only if he believes they are guilty was improper); *Williams v. State*, 417 S.W.3d 162, 171–72 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (concluding that prosecutor's statement that he dismisses cases when "I don't think that the defendant's guilty" was improper); *Beltran v. State*, 99 S.W.3d 807, 811 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding that prosecutor's statement that "[i]f I believed the man was not guilty I wouldn't be here" was improper).

A prosecutor may not inject personal opinion in statements to the jury. Such a statement improperly conveys the idea that the prosecutor has a basis for such an opinion outside the evidence presented at trial. *Williams*, 417 S.W.3d at 172. Further, such a statement encourages jurors to conclude that a defendant is necessarily guilty because he was being tried. *See Mendoza v. State*, 552 S.W.2d 444, 447 (Tex. Crim. App. 1977). Therefore, the prosecutor's comment, which conveyed his personal belief in appellant's guilt was improper.

However, appellant did not object to the prosecutor's statements. Rule 33.1(a) of the Texas Rules of Appellate Procedure require that, in general, for a complaining party to preserve an alleged error for appellate review, the record must show that the party raised the issue with the trial court in a timely and specific request, objection, or motion. TEX. R. APP. P. 33.1(a). Appellant did not do so.

Nevertheless, Texas Rule of Evidence 103(d) provides that, "In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the trial court." TEX. R. EVID. 103(d). We must therefore determine if the error was fundamental. *See McLean v. State*, 312 S.W.3d 912, 915 (Tex. App.—

Houston [1st Dist.] 2010, no pet.).  Fundamental error must be so egregious it prevents a fair and impartial trial.  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

Appellant cites no case, nor have we found any, holding that a prosecutor's statement of personal belief to a defendant's guilt amounts to fundamental error.  Instead, appellant cites cases concerning statements made once the jury had been impaneled and urges an expansion of case law suggesting that a trial judge's improper statement to a venire might constitute fundamental error if it rises to such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury, to improper statements of a prosecutor to the venire.  *See McLean*, 312 S.W.3d at 917.  The cases cited by appellant are not controlling or on point and we decline appellant's invitation to expand the jurisprudence of fundamental error here.

Here, other actions by the prosecutor mitigated any harm the statement might have brought to the presumption of innocence.  *See Escobar*, 2015 WL 1735244, at *4 (the prosecutor promptly and thoroughly explained presumption of innocence and burden of proof to venire); *Beltran*, 99 S.W.3d at 811–12 (defense counsel's immediate response stating his own opinion negated any harm to appellant).  The prosecutor promptly and thoroughly explained to the venire the presumption of innocence, the burden of proof, and appellant's Fifth Amendment right not to testify.

In light of the entire record, the prosecutor's improper statements did not bear on the presumption of innocence or vitiate the impartiality of the jury.  Thus, the statements did not constitute fundamental error and, accordingly, appellant forfeited appellate review of them by failing to timely object.  We overrule appellant's second issue.

### III. Punishment Range

In his third issue, appellant urges the statute establishing a punishment range of 25 years to life, without parole, for the continuous sexual abuse of a child is facially unconstitutional and violates the due process clause of the Fourteenth Amendment.

Appellant made no objection to the trial court about the constitutionality of penal code section 21.02 or government code section 508.145(a).[5] Ordinarily, a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). A defendant may challenge the facial constitutionality of a statute for the first time in a petition for discretionary review where the statute was declared unconstitutional while the appeal was pending. *See Smith v. State*, 463 S.W.3d 890, 896 (Tex. Crim. App. 2015).

Appellant recognizes that no court has yet declared that the punishment range of 25 years to life, without parole, for the continuous sexual abuse of a child is facially unconstitutional. Nevertheless, appellant contends this issue may be conditionally cognizable on appeal, even absent an objection, because counsel for appellant filed a petition for discretionary review in another case that likewise challenged the constitutionality of section 21.02. *See Bell v. State*, 01-17-00811-CR, 2019 WL 1560855 (Tex. App.—Houston [1st Dist.] Apr. 11, 2019, pet. re'f) (mem. op., not designated for publication). The court of criminal appeals has since refused petition in that case. Accordingly, we may not address this issue because penal code section 20.02 and government code section 508.145(a) have not been declared unconstitutional during the pendency of this appeal. We overrule appellant's third issue.

---

[5] Penal code section 21.02(h) provides, "An offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." PENAL § 21.02(h). Government code section 508.145(a) provides, "An inmate under sentence of death, serving a sentence of life imprisonment without parole, serving a sentence for an offense under Section 21.02, Penal Code, or serving a sentence for an offense under Section 22.021, Penal Code, that is punishable under Subsection (f) of that section is not eligible for release on parole." TEX. GOV'T CODE ANN. § 805.145(a).

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
181419F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLARENCE WYATT HOLLAND,
Appellant

No. 05-18-01419-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 17-10195-422-F.
Opinion delivered by Justice Schenck.
Justices Whitehill and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of December, 2019.