PD-0642-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 7:26:50 PM
Accepted 7/1/2015 2:08:51 PM
ABEL ACOSTA
CLERK

No. PD-0642-15

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

JESUS ESCOBAR
*Appellant*

v.

THE STATE OF TEXAS,
*Appellee*

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

On Petition For Discretionary Review from the First Court of Appeals Cause No. 01-13-00496-CR, affirming the judgment in Cause No. 1853071 from the County Criminal Court at Law #7, Harris County, Texas.

_____

FILED IN
COURT OF CRIMINAL APPEALS

July 1, 2015

ABEL ACOSTA, CLERK

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

SARAH V. WOOD
Assistant Public Defender
Harris County, Texas
Texas Bar Number 24048898
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Sarah.Wood@pdo.hctx.net

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                              Jesus Escobar

TRIAL PROSECUTORS:                      Thomas Waddle
                                        Bradley Means
                                        Assistant District Attorneys
                                        Harris County, Texas
                                        1201 Franklin, Suite 600
                                        Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:               Lazaro Izaguirre
                                        7539 Avenue J, Suite G
                                        Houston, Texas 77012

PRESIDING JUDGE:                        Hon. Pam Derbyshire
                                        County Criminal Court #7
                                        Harris County, Texas
                                        1201 Franklin, 9th floor
                                        Houston, Texas 77002

DEFENSE COUNSEL ON APPEAL:              Sarah V. Wood
                                        Assistant Public Defender
                                        Harris County, Texas
                                        1201 Franklin, 13th Floor
                                        Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................ 2

Table of Contents ..................................................................................................... 3

Index of Authorities ................................................................................................. 4

Statement Regarding Oral Argument ....................................................................... 4

Statement of the Case ............................................................................................... 4

Statement of Procedural History .............................................................................. 4

Ground For Review ................................................................................................... 5

Argument .................................................................................................................. 5

   Reason for Review .................................................................................................. 5

   Factual Background ................................................................................................ 5

> Although the First Court of Appeals found that it was error for the prosecutor to argue his personal belief in the moral righteousness of convicting the appellant, the court failed to consider all of the circumstances in determining it was not fundamental error.

Prayer for Relief ...................................................................................................... 11

Certificate of Service and Compliance .................................................................... 11

Appendix ................................................................................................................. 12

# INDEX OF AUTHORITIES

**Cases**

*Campos v. State*, 946 S.W.2d 414 (Tex.App.-Houston [14th Dist.] 1997, no pet.)............. 4

*Fowler v. State*, 500 S.W.2d 643 (Tex. Crim. App. 1973)........................................................ 4

*Williams v. State*, 417 S.W.3d 162 (Tex. App.—Houston [1st Dist.] 2013), reh'g

   overruled (Jan. 21, 2014), petition for discretionary review refused (May 7, 2014).... 4

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument as it may aid the Court in its analysis of the issues.

## STATEMENT OF THE CASE

On September 25, 2012, Mr. Jesus Escobar was charged by misdemeanor information for delivery of less than one-fourth of an ounce of marijuana (C.R. at 5). He pleaded not guilty and proceeded to a trial. The jury found him guilty and he was sentenced to 120 days in jail (C.R. at 43).

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed the trial court's judgment in an unpublished opinion. *Escobar v. State,* 01-13-00496-CR, 2015 WL 1735244 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no. pet. h.). No motion for rehearing was filed.

## GROUND FOR REVIEW

Although the First Court of Appeals found that it was error for the prosecutor to argue his personal belief in the moral righteousness of convicting the appellant, the court failed to consider all of the circumstances in determining it was not fundamental error.

## ARGUMENT

**Reason for Review**

The court of appeals has permitted such a departure from the accepted course of proceedings in the trial court as to call for this Court to exercise its supervisory capacity.

**Factual Background**

Mr. Escobar is a middle-aged man with no criminal history who was sentenced to four months in jail for delivery after he helped a lady purchase $20 worth of marijuana in what turned out to be a very low-level undercover sting operation.

Rosalinda Ibanez is an undercover officer who routinely performs stings on poor people for buying $20 bags of marijuana. (2 R.R. at 78-80). She and her partner would often target the 7900 block of Belfort in southeast Houston. (2 R.R. at 81). She said, "You can arrest numerous people there. My partner has been doing it for 20 years." (2 R.R. at 81). Her partner, Mark Ong, had reportedly "conducted thousands" of the "buy-bust" stings. (2 R.R. at 57).

Their goal is to "eliminate that element of person." (2 R.R. at 80). To do so, it

was necessary for Ibanez to be "dressed very down… jeans, an old t-shirt, no makeup." She explained, "Well, I mean, if you want to look the part, I guess, you know – you don't want to be dressed like this… you're not buying big dope." (2 R.R. at 82-83).

On September 24, 2012, they observed a middle-aged Hispanic man standing in front of a convenience store and decided he was a "drug dealer" because he was "not really doing anything." (2 R.R. at 60, 102).

They drove up and Ms. Ibanez talked to him in Spanish about needing $20 worth of marijuana. The man stated he did not have any, so as Ms. Ibanez testified, she "acted disappointed." The man finally agreed to help her and they exchanged numbers. (2 R.R at 87, 89).

When he was able to find her marijuana, he called and she returned with the $20. (2 R.R. at 89-91). Apparently, the man had taken a liking to Ms. Ibanez. Right before she drove off to have him arrested, he bashfully asked if she had a boyfriend and if she might call him later. Ibanez replied, "Okay. I will." (2 R.R. at 91). She then "pulled out a radio that [they'd] hidden the whole time" and called patrol officers to arrest him. (2 R.R. at 92). They had already similarly arrested at least two people that day. (2 R.R. at 100).

Based on the description given over the radio, police arrested the 48 year-old Mr. Escobar in line to check out in the convenience store. (2 R.R. at 103).

Officer Ibanez reflected on why these drug stings are not recorded by HPD, explaining that "it's a huge effort. Obviously, it costs a lot of money; and the City, you

know, is in dire straights right now with budget. So it's a lot of effort and it costs a lot of money to do that and keep all those things in our archives." (2 R.R. at 109-100). She testified frankly that they did not have the funds to make recordings.

She then went on to describe the extent of the buy-bust operations, running with a "surveillance team" of at least two to three undercover vehicles. (2 R.R. at 110). "What [the undercover narcotics officers] do is they will ride around in unmarked cars and attempt to make the buys and they'll have a surveillance team that will monitor the situation and [patrol units] will be waiting in marked units in the area but hidden. (2 R.R. at 115). The prosecutor emphasized the massive scope of the operation in closing, saying that "these offense reports only include material people who were on the case. The arresting officer, the officers who made the transaction with the defendant, we also don't have the names of every single person who was surveilling this. Our offense report would be 20 pages long if that was the case." (3 R.R. at 21).

After a full trial in which many members of the venire panel stated they believed marijuana should be legal, Mr. Escobar was found guilty of delivery of less than a quarter ounce of marijuana (2-4 cigarettes worth) and sentenced to four months in jail. (2 R.R. at 20, 98).

**Prejudicial Argument was Fundamental Error**

During voir dire, prosecutor Thomas Waddle improperly injected his personal opinion that the defendant was guilty. He informed the panel:

And the criminal code actually says, "It shall be the primary duty of all

7

prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done. And I'm excited about that because it means that my job is to do the right thing. So when we see that someone that we believe to be not guilty, we can dismiss that case. When we believe them to be guilty, then we proceed. I also have had the opportunity to view our assistant district attorney, Mike Anderson, in a training session. He said, you know, "I'm so thankful for this job and this position because I never have to try a case that I don't believe in." And, so, I'm glad to be here today.

(2 R.R. at 13).

It has long been held to be improper for a prosecutor to express his belief in the defendant's guilt. See, e.g. *Fowler v. State*, 500 S.W.2d 643, 643-44 (Tex. Crim. App. 1973) (reversing conviction due to prosecutor's argument that he "was not going to prosecute a man that I don't feel in my own heart is guilty"), *Campos v. State*, 946 S.W.2d 414, 415–18 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (holding that prosecutor's statement that "we wouldn't be here" if he did not believe defendant was guilty was improper).

The First Court of Appeals held unavoidably, "Therefore, the prosecutor's comment, which conveyed his personal belief in Escobar's guilt, was improper." However, the court then failed to fully consider the magnitude of this error.

As Justice Terry Jennings once observed:

Here we go yet again—an appellate court admonishes attorneys not to engage in improper jury arguments, but the court itself actually glosses over the egregious nature of the complained-of argument and the actual harm caused by such arguments, not only to those accused of criminal offenses, but to the very

8

administration of justice in Texas. Indeed, the majority's opinion in this case will actually encourage such improper behavior and ensure that it continues.

*Williams v. State*, 417 S.W.3d 162, 188 (Tex. App.—Houston [1st Dist.] 2013), reh'g overruled (Jan. 21, 2014), petition for discretionary review refused (May 7, 2014) (Jennings dissenting). The opinion in this case may likewise serve to encourage this type of brazenly improper argument.

In its opinion, the court of appeals emphasizes, "Notably, Escobar cites no additional irregularities that could have aggravated the prosecutor's error or limited the effectiveness of his mitigating statements. For example, the jury charge included, as is common practice, instructions on the presumption of innocence and burden of proof." *Escobar* at note 3). However, this is inaccurate. While counsel pointed out that these improper comments were greatly exacerbated by the invocation of the recently deceased Mike Anderson and the dashed potential for jury nullification, the court of appeals failed to mention it.

District Attorney Mike Anderson had just revealed publicly that he was diagnosed with cancer. This was front-page news around the time of the trial on June 4, 2013, with a massive outpouring of sympathy from the community.[1] By implying to the panel that high-profile protagonist Mike Anderson also "believed in" the case added yet another layer of inflammatory emotion to Waddle's voir dire presentation.

---

[1] *See* Rogers, Brian, <u>Harris County DA Reveals He has Cancer</u>, Houston Chronicle, May 16, 2013, available at: <u>http://www.chron.com/news/houston-texas/houston/article/Harris-County-DA-reveals-he-has-cancer-4522591.php</u>

Moreover, the court of appeals failed to consider that not only did the prosecutor convey his belief in the defendant's guilt, he equated it to a lofty sense of morality – that it would be "justice" to proceed to guilt, that he "believes in" the case, and that prosecuting Mr. Escobar is "the right thing" to do.

The righteousness of the prosecution was an unusually crucial issue in this trial. After all, the jury was being asked to convict a middle-aged man for being a drug dealer at the behest of a flirty undercover cop over a couple of joints. Jury nullification was a palpable possibility. Many members of the venire panel had just stated they believed marijuana should be legal. (2 R.R. at 20, 98). That is most likely the very reason why the prosecutor felt it was necessary to engage in the improper argument. It gave the State a distinct advantage in this case.

The court of appeals failed to contemplate the unique nature of this case and the circumstances surrounding the prosecutor's unfair argument. The very reasons that the prosecutor felt he needed to cheat are precisely the reasons that made his improper argument so prejudicial in this particular case as to violate the presumption of innocence and a fundamental right to due process. Moreover, the approach of the court of appeals will simply encourage improper arguments in future cases.

## PRAYER FOR RELIEF

For the reasons stated above, the Appellant prays that this Court grant her petition, review the case, and hold that the Court of Appeals erred by affirming the trial court's judgment and sentence.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016 (phone)
(713) 368-9278 (fax)
State Bar Number 24048898

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that a copy of the foregoing petition for discretionary review has been served on the District Attorney of Harris County, Texas, by the efile service and to the State Prosecuting Attorney and that this petition has 1,667 words according to the computer program used to draft it.

**/s/ Sarah V. Wood**
**SARAH V. WOOD**

# APPENDIX

2015 WL 1735244
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).
Court of Appeals of Texas,
Houston (1st Dist.

Jesus Escobar, Appellant
v.
The State of Texas, Appellee

NO. 01–13–00496–CR | Opinion issued April 14, 2015

**On Appeal from the County Criminal Court at Law No. 7, Harris County, Texas, Trial Court Case No. 1853071**

**Attorneys and Law Firms**

Devon Anderson, Kathryn Davis, Alan Curry, for The State of Texas.

Sarah V. Wood, for Escobar, Jesus.

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

**MEMORANDUM OPINION**

Harvey Brown, Justice

**\*1** A jury convicted Jesus Escobar of delivery of less than one-fourth of an ounce of marijuana.[1] On appeal, he argues that unobjected-to comments by a prosecutor during voir dire constitute fundamental error warranting a new trial. Alternatively, he contends that his trial counsel's failure to object constitutes ineffective assistance of counsel. We affirm.

### Background

During voir dire, the prosecutor said:

> And the criminal code actually says, "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." And I'm excited about that because it means that my job is to do the right thing. So when we see that someone that we believe to be not guilty, we can dismiss that case. When we believe them to be guilty, then we proceed. I also have had the opportunity to view our assistant district attorney, Mike Anderson, in a training session. He said, you know, "I'm so thankful for this job and this position because I never have to try a case that I don't believe in." And, so, I'm glad to be here today.

Escobar did not object.

The prosecutor subsequently told the venire that the State had the burden to prove all elements of the offense, that the State's burden was beyond a reasonable doubt, and that Escobar was entitled to a fair trial and a presumption of innocence until proven guilty.

The jury convicted Escobar. He timely appealed.


## Improper Comments by the Prosecutor

### A. The prosecutor improperly stated his personal belief in Escobar's guilt.

Escobar contends that the prosecutor's statement was improper because he effectively told the venire that he personally believed Escobar to be guilty. We agree.

The prosecutor indicated that he tries defendants if and only if he believes that they are guilty. He decided to try Escobar. The unavoidable conclusion is that the prosecutor personally believed that Escobar was guilty. *See, e.g., Clayton v. State,* 502 S.W.2d 755, 756 (Tex.Crim.App.1973) ("The prosecutor's argument that he would not prosecute a man he did not know in his heart to be guilty is improper."); *Williams v. State,* 417 S.W.3d 162, 171–72 (Tex.App.—Houston [1st Dist.] 2013, pet. ref'd) (concluding that prosecutor's statement that he dismisses cases when "I don't think that the defendant's guilty" was improper); *Beltran v. State,* 99 S.W.3d 807, 811 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd) (holding that prosecutor's statement that "[i]f I believed the man was not guilty I wouldn't be here" was improper).

"A prosecutor may not inject personal opinion in statements to the jury. Such a statement improperly conveys the idea that the prosecutor has a basis for such an opinion outside the evidence presented at trial." *Williams,* 417 S.W.3d at 172. Further, such a statement encourages jurors to conclude that a defendant is "necessarily guilty because he was being tried." *See Mendoza v. State,* 552 S.W.2d 444, 447 (Tex.Crim.App.1977). Therefore, the prosecutor's comment, which conveyed his personal belief in Escobar's guilt, was improper.


### B. Escobar waived review by failing to object

**\*2** However, Escobar did not object to the prosecutor's statements. "Rule 33.1 of the Texas Rules of Appellate Procedure requires that, in general, for a complaining party to preserve an alleged error for appellate review, the record must show that the party raised the issue with the trial court in a timely and specific request, objection, or motion." *McLean v. State,* 312 S.W.3d 912, 915 (Tex.App.—Houston [1st Dist.] 2010, no pet.) (citing T ex. R. A pp. P. 33.1(a) and *Griggs v. State,* 213 S.W.3d 923, 927 (Tex.Crim.App.2007)). "However, Texas Rule of Evidence 103(d) provides that, 'In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court.' " *Id.* (quoting TEX. R. EVID. 103(d)); *accord Blue v. State,* 41 S.W.3d 129, 131 (Tex.Crim.App.2000).

We have already concluded that the prosecutor's remarks were improper. *See Williams,* 417 S.W.3d at 172. We must therefore determine if the error was fundamental. *See McLean,* 312 S.W.3d at 915. "Fundamental error must be so egregious it prevents a fair and impartial trial." *Beltran,* 99 S.W.3d at 811 (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984)).

Escobar cites no case, nor have we found any, holding that a prosecutor's statement of personal belief in a defendant's guilt before a venire was a fundamental error not requiring an objection. *See id.* at 811–12. But numerous Texas cases suggest that a trial judge's improper statement to a venire might constitute fundamental error if it rises to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *McLean,* 312 S.W.3d at 917; *see Blue,* 41 S.W.3d at 132. But it is unclear if this rule should also apply to prosecutors' voir dire statements. Notably, once voir dire is over and the jury is impanelled, The Court of Criminal Appeals has held that "a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument

forfeits his right to complain about the argument on appeal." *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996); *accord Threadgill v. State,* 146 S.W.3d 654, 667 (Tex.Crim.App.2004).

In *Blue v. State,* a trial judge disclosed to the venire that, to the judge's chagrin, the defendant turned down a plea bargain. 41 S.W.3d at 130. A plurality of the Court of Criminal Appeals reasoned: "A juror who knows at the outset that the defendant seriously considered entering into a plea agreement no longer begins with a presumption that the defendant is innocent." *Id.* at 132. Further, "[a] juror who hears the judge say that he would have preferred that the defendant plead guilty might assume that the judge knows something about the guilt of the defendant that the juror does not." *Id.* Accordingly, the plurality concluded that "[t]he comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection."[2] *Id.*

**\*3** Escobar argues that (1) *Blue,* which examined a trial judge's voir dire statements, also applies to a prosecutor's voir dire statements and (2) the prosecutor's remarks in this case tainted the presumption of innocence and thus constitute fundamental error under *Blue.* He asserts that "an exuberant prosecutor ... brought the full force of moral righteousness down on the side of guilt.... [H]e told the jury that it was his ... duty to see Mr. Escobar found guilty because he believed in it." Escobar urges us to conclude that these comments "irreparably violated the presumption of innocence and tainted the jury with an inflammatory emotional demonstration."

The State urges us to consider the entire record. *See Mendoza,* 552 S.W.2d at 446–47 (considering prosecutor's voir dire comments in light of entire record). It notes that "the prosecutor went on to clarify the appellant's rights and the State's burden of proof." Accordingly, "the prosecutor's comments in voir dire did not violate the appellant's presumption of innocence." We agree with the State.

The presumption of innocence is not impinged when, in the context of the entire proceeding, "it is unlikely that potential jurors would have been led to believe that the district attorney had a basis for his opinion unknown to the venire, or that appellant was necessarily guilty because he was being tried." *Id.* at 447. In *Mendoza,* a prosecutor remarked to the venire that he "has the responsibility of seeing that the individuals who are guilty of criminal offenses are brought to trial, and hopefully brought to justice." *Id.* at 446. "Immediately after these remarks were made, defense counsel moved that the entire panel be quashed. The motion was overruled; however, the court did admonish the district attorney to 'be very careful what you say.' " *Id.* at 446–47. Moreover, "the district attorney went on to clarify the presumption of innocence and the State's burden of proof." *Id.* at 447. "In light of this clarification and the court's prompt admonishment, it is unlikely that potential jurors would have been led to believe that the district attorney had a basis for his opinion unknown to the venire, or that appellant was necessarily guilty because he was being tried." *Id.* "Since the remarks were general in nature and made at a stage of the proceedings before the jury was impaneled and evidence was adduced, dismissal of the venire was not warranted." *Id.*

The Fourteenth Court of Appeals has held that there is no fundamental error when a prosecutor improperly states his personal opinion regarding the guilt of the defendant, the defendant does not object, and other circumstances negate the harm to the defendant. *Beltran,* 99 S.W.3d at 811–12. In *Beltran,* the following exchange occurred between the attorneys and a venireperson:

> VENIREPERSON: I have a follow up question. If the investigation over the last thirteen years has shown that the man was not guilty would the indictment be eliminated? Would the indictment be dropped?

> STATE: If I believed the man was not guilty I wouldn't be here. My job is to see that justice is done and I wouldn't be sitting here.

> DEFENSE COUNSEL: And I can tell you that if I believed he did this and the State could prove it beyond a reasonable doubt I wouldn't be here, either.

*Id.* at 811. The defendant did not object. On appeal, the Fourteenth Court of Appeals found no fundamental error. "We agree the prosecutor improperly stated her personal opinion. Nonetheless, appellant cites no cases in which similar *voir dire* statements were held to be fundamental error. Moreover, defense counsel's immediate response stating his own opinion negated any harm to appellant." *Id.* at 811–12. Accordingly, our sister court upheld the conviction. *Id.* at 812.

14

**\*4** Generally, when a prosecutor improperly tells the venire that he personally believes the defendant to be guilty, an instruction from the trial court will cure the harm to the defendant. *Williams,* 417 S.W.3d at 171–72. In *Williams,* the following exchange occurred between a prosecutor and a venireperson:

> STATE: My duty is to prove my case. What should I—if I don't believe this case—look, I'll tell you right now. If I don't believe this case and I don't think that the defendant's guilty, what should I have already done?
>
> VENIREPERSON: Not charged him.
>
> STATE: We dismiss cases—

*Id.* at 171. The defendant objected, then unsuccessfully moved for a mistrial. We concluded that "the prosecutor's statement to the venire that he would have dismissed the case against Williams if he believed he was innocent constituted an improper expression of his personal opinion that Williams was guilty." *Id.* at 172. However, we also held that the trial court did not abuse its discretion in denying a mistrial because it "made a prompt instruction to disregard the comment and specifically noted that the comment only constituted the prosecutor's opinion. Under similar circumstances, Texas courts have held that a prompt instruction to disregard cures any resulting harm." *Id.*

Here, other actions by the prosecutor cured any harm to the presumption of innocence. The prosecutor explained to the venire, "This whole process is to ensure that the defendant gets a fair trial today. And, so, that's what we're doing." He acknowledged his burden of proof: "And I have some things to prove to you today. And these are all elements that I have to prove. And if I do not prove all of them, if there's even one missing, you have to find the defendant not guilty. I have to prove that...." He clarified, "Again, I have to prove each and every element beyond a reasonable doubt.... [Y]ou get to decide what reasonable doubt is."

The record demonstrates that the prosecutor promptly and thoroughly explained the presumption of innocence and burden of proof to the venire. Thus, this case is similar to *Mendoza, Beltran,* and *Williams* because these additional circumstances mitigated any harm from the prosecutor's error.[3] In light of the entire record, the prosecutor's improper statements did not bear on the presumption of innocence or vitiate the impartiality of the jury. Thus, the statements did not constitute fundamental error and, accordingly, Escobar forfeited appellate review of them by failing to timely object.

**Ineffective Assistance of Counsel**

Escobar contends that, in the alternative, his trial counsel's failure to object constitutes ineffective assistance of counsel.

**A. Standard of review**

"To prove ineffective assistance, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different." *Apolinar v. State,* 106 S.W.3d 407, 416 (Tex.App.—Houston [1st Dist.] 2003), *aff'd,* 155 S.W.3d 184 (Tex.Crim.App.2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69 (1984) and *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999)). "Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson,* 9 S.W.3d at 813. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.* (citing *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984)).

**B. Demonstrating ineffective assistance**

15

**\*5** The State contends that Escobar cannot succeed on the second prong—prejudice—because, as discussed above, the other circumstances of this case negate any potential harm. It also contends that Escobar cannot succeed on the first prong—performance—because the record does not rebut the presumption that trial counsel acted strategically. We agree on both points.

Escobar provides no argument on prejudicial effect other than the arguments he relied upon to show an impingement of the presumption of innocence. Because we have rejected those arguments, we do not find a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different.

Additionally, Escobar cannot show deficient performance. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson,* 9 S.W.3d at 813. "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* "An appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct." *Id.* at 814.

Here, the record contains no indication why Escobar's trial counsel chose not to object. "We will normally not speculate to find trial counsel ineffective when the record is silent as to counsel's reasoning or strategy." *Apolinar,* 106 S.W.3d at 416. Further, the rationale, if any, for that decision was not explored at trial, and the issue was not raised in a motion for new trial. "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.' " *Menefield v. State,* 363 S.W.3d 591, 593 (Tex.Crim.App.2012) (quoting *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex.Crim.App.2005)). "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.' " *Menefield,* 363 S.W.3d at 593 (quoting *Goodspeed,* 187 S.W.3d at 392).

The record is silent on the attorney's reason for not objecting, and his failure to object to the prosecutor's single remark is not so outrageous as to warrant speculation into the matter. Accordingly, Escobar's ineffective-assistance-of-counsel claim fails.

## Conclusion

We affirm the judgment of the trial court.

Footnotes

[1]  TEX. HEALTH & SAFETY CODE ANN. § 481.120 (West 2010).

[2]  "Although the lead [plurality] opinion described the fundamental right at issue in *Blue* as a defendant's presumption of innocence, a concurring opinion described the fundamental right at issue as the right to an impartial trial judge." *Jaenicke v. State,* 109 S.W.3d 793, 796 (Tex.App.—Houston [1st Dist.] 2003, pet. ref'd). Accordingly, the various opinions in *Blue* are persuasive, but not precedential. *Unkart v. State,* 400 S.W.3d 94, 101 (Tex.Crim.App.2013).

[3]  Notably, Escobar cites no additional irregularities that could have aggravated the prosecutor's error or limited the effectiveness of his mitigating statements. For example, the jury charge included, as is common practice, instructions on the presumption of innocence and burden of proof.